UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EXECUTIVE AMBULATORY
SURGICAL CENTER, LLC and
JIAB SULEIMAN D.O., P.C.,
                              Plaintiffs,

v.

ALLSTATE FIRE AND
CASUALTY INS. CO.,
                              Defendant.
_____/

Case No.: 21-10985

Sean F. Cox
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

## ORDER GRANTING IN PART, DENYING IN PART MOTION TO STRIKE REPORTS (ECF No. 56)

## I.      BACKGROUND

Plaintiffs Executive Ambulatory Surgical Center ("Executive") and Jiab Suleiman, D.O., P.C. ("Suleiman PC"), filed this action against Allstate Fire and Casualty Insurance Co. to recover payment for medical services rendered to a third party.  Allstate removed the action from the Third Judicial Circuit in Wayne County, Michigan, to this Court on May 3, 2021.  (ECF No. 1).

According to Plaintiffs' complaint, on November 15, 2019, third-party Tommi Mason was injured in a motor vehicle accident.  Defendant is first in priority to pay for Mason's claim for no-fault personal protection insurance benefits under Michigan law.  Because of the injuries Mason sustained, Plaintiffs provided products, services, and/or accommodations to aid in her recovery and

rehabilitation.  (ECF No. 1-2, PageID.13).  This included physical therapy and surgery on her shoulder performed by Dr. Jiab Suleiman at Plaintiff Executive. Plaintiffs submitted a bill to Defendant for $100,051.04 on behalf of Executive and $42,725.00 on behalf of Suleiman PC.  Plaintiffs also submitted supporting documentation and forms for Defendant to determine the reasonableness and necessity of the medical services rendered.  (*Id.* at PageID.14).  Defendant denied payment after an independent medical examination revealed the injury was not caused by the auto accident.  Plaintiffs sue Defendant for payment of the insurance claim under M.C.L. §§ 500.3142 and 500.3157 and for breach of contract.  A factual and legal issue here is whether the medical bills are compensable.  To be compensable, the services rendered must have been lawful, medically necessary, causally related to the accident, and the charge reasonable.  M.C.L. § 500.3157(1). Reasonableness is the focus of this motion.

In all three iterations of their witness list, Plaintiffs listed Dr. Jiab Suleiman, D.O., representative or employee of Plaintiff Jiab Suleiman, D.O, P.C. ("Jiab"), and Samer Suleiman ("Samer"), representative and employee of Plaintiff Executive Ambulatory Surgical Center, LLC as expert witnesses.  Both Jiab and Samer are described as individuals "whose duties as the party's employee regularly involve giving expert testimony."  (ECF Nos. 25, 34, 53).  Plaintiff submitted expert reports from Jiab and Samer to Defendant.  Their intended testimony

2

includes that the rates they charged for Mason's treatment were reasonable.

Defendant moves to strike their expert reports and to exclude them as expert

witnesses.  (ECF No. 56).  This motion is fully briefed and ready for

determination.

## II.    DISCUSSION

The proposed opinions at issue concern whether Plaintiffs' charges for

Mason's healthcare were reasonable, in accordance with Michigan law.

Defendants argue the expert reports do not meet the requirements of Fed. R. Civ.

P. 26(a)(2)(B) and that the purported testimony is not reliable.  Plaintiffs contend

the experts were required to submit reports under Rule 26(a)(2)(C), which requires

less information.

Federal Rule of Evidence 702 requires the trial judge to perform a

"gatekeeping role" when considering the admissibility of expert testimony.

*Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579, 597 (1993).  The United States

Supreme Court has established that Rule 702 requires district courts to ensure that

expert testimony "rests on a reliable foundation and is relevant to the task at

hand."  *Daubert*, 509 U.S. at 597; *see also Kumho Tire Co. v. Carmichael*, 526

U.S. 137, 152 (1999) (expanding *Daubert's* analysis of expert scientific testimony

to cover expert testimony based on "technical" and "other specialized

knowledge").  The gatekeeping role progresses in three steps.  First, the witness

3

must be qualified according to his or her "knowledge, skill, experience, training, or education." *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 529 (6th Cir. 2008) (quoting Fed. R. Evid. 702). Second, the expert's testimony must be relevant, in that it will help "the trier of fact to understand the evidence or to determine a fact in issue." *Id*. Third, the testimony must be reliable. To determine whether expert testimony is "reliable," the court's role, and the offering party's responsibility, "is to make certain that an expert . . . employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co.*, 526 U.S. at 152. The proponent of the testimony bears the burden to prove by a preponderance of the evidence that the testimony is reliable. *Wellman v. Norfolk & W. Ry. Co.*, 98 F. Supp. 2d 919, 923 (S.D. Ohio 2000) (citing *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 744 (3d Cir. 1994)). Courts need not admit opinions or conclusions that are "connected to existing data only by the *ipse dixit* of the expert." *See General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

Federal Rule of Civil Procedure 26(a)(2)(B) requires a witness "whose duties as the party's employee regularly involve giving expert testimony" to provide a written expert report. The Rule states, in pertinent part, that an expert's written report must contain "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; [and] (ii) the facts or data

considered by the witness in forming them."  These requirements are "mandatory,"
and compliance with them has to be "absolute."  *Roberts ex rel. Johnson v. Galen
of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003).  If the witness need not provide a
written report, the witness disclosure must state the subject on which the witness is
expected to present evidence and a summary of the facts and opinions on which the
witness is expected to testify.  Fed. R. Civ. P. 26(a)(2)(C).

"Federal Rule of Civil Procedure 37(c)(1) requires absolute compliance with
Rule 26(a), that is, it 'mandates that a trial court punish a party for discovery
violations in connection with Rule 26 unless the violation was harmless or
substantially justified.'"  *Roberts*, 325 F.3d at782  (citation omitted).  It provides
that "[i]f a party fails to provide information or identify a witness as required by
Rule 26(a) or (e), the party is not allowed to use that information or witness to
supply evidence on a motion . . . unless the failure was substantially justified or is
harmless."  Fed. R. Civ. P. 37(c)(1).

A.    Sufficiency of the Reports

Plaintiffs argue that Jiab and Samer were not required to provide expert
reports because their duties as employees do not regularly involve giving expert
testimony; the reports they submitted were "precautionary."  (ECF No. 57,
PageID.2747-49).  During their depositions, both men testified about their job
duties for their respective companies; none of those duties was to provide expert

testimony.  Plaintiffs contend that Jiab and Samer do not "regularly" give expert testimony as part of their job duties, that if anything, giving expert testimony is only an ancillary part of their jobs when subpoenaed to provide such testimony. These assertions stray from the statements made in Plaintiffs' witness list which makes clear Jiab and Samer are employees whose job duties involve giving expert testimony.  (ECF Nos. 25, 34, 53).  Defendant urges the Court to disregard the arguments made here and rely on the assertions made in the witness list.  (ECF No. 58, PageID.2945-46).  Defendant asserts the newly adopted position that Jiab and Samer do not regularly give expert testimony is not correct.  Samer testified as an expert 13 times in the last four years and Jiab identified eight cases in which he testified as an expert.  (*Id.*).  It is not clear from the list of cases whether they were hired to testify by third parties or whether they testified on behalf of their Plaintiff companies.[1]  Even if they were testifying on behalf of their companies, the few times that they testified as experts does not establish that testifying as an expert falls within the scope of their *regular duties*.  Thus, the Court will not hold Plaintiffs to their witness list assertions and finds that Jiab and Samer were not required to provide a Rule 26(a)(2)(B) report, but were needed to provide reports under Rule 26(a)(2)(C).  Plaintiff **must submit a fourth amended witness list** to

---

[1] In Samer's report, he provided that he testified at depositions in other cases that his company's charges were billed at the same rate no matter if the patient had insurance.  (ECF No. 56-2, PageID.2560).

correctly reflect the nature of Jiab and Samer's role as witnesses in accordance

with this Order.[2]

According to his report, Samer intends to opine that the charges Plaintiff

Executive submitted to Allstate Insurance Company were both reasonable and

customary.  He will attest to the fact that Executive charges the same rate to

patients whether or not they have insurance to establish that the rates are

customary.  He will opine that the rates are reasonable for these reasons:

> Based on my 17 years of experience in the Metro Detroit
> area/community, I am personally familiar with
> orthopedic surgery billing and what other ambulatory
> surgical centers charge in the geographic region in which
> Executive Ambulatory Surgical Center practices and the
> charges of Executive Ambulatory Surgical Center are
> reasonable and competitive with those charges.

(ECF No. 56-2, PageID.2560).  The exhibit to the report relevant to this testimony

is examples of explanations of benefits/invoices from Executive Ambulatory

Surgical Center for different patients who had similar surgery.  (*See id.* at

PageID.2606-13).

Jiab intends to offer opinions on the cause of Mason's injury, the medical

necessity of the surgery he performed, and the reasonable and customary nature of

the charges for the treatment rendered.  He states that he formed his opinions after

---

[2] Discussed below is Jiab Suleiman's qualification to testify as an expert.  In short, he may not testify as an expert witness.

7

reviewing Mason's medical records and the police report from the accident. (ECF

No. 57-5, PageID.2871). The summary of his opinion relevant for purposes here

is:

> I set Jiab Suleiman, D.O., P.C.'s charges (including the
> charges for treatment rendered to Tommi Mason) and the
> charges are my customary [sic] for the services rendered
> to Tommi Mason. **I also believe the charges to be
> reasonable and competitive within the community
> based on my experience, conversations, calls to other
> facilities, EOBs from insurance carriers and pricing
> from other facilities.**

(*Id.* at PageID.2872) (emphasis added). Among the exhibits are examples of

explanations of benefits from various insurance companies and from other medical

facilities providing similar services showing similar rates. (*See id.* at

PageID.2880-90).

Rule 26(a)(2)(C) is a more relaxed expert disclosure standard. It requires an

expert witness disclosure that summarizes (1) "the subject matter on which the

witness is expected to present evidence under Federal Rule of Evidence 702, 703,

or 705," (2) "the facts" "to which the witness is expected to testify," and (3) "the

opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

Defendant argues that Plaintiffs did not provide the specific facts relied on

by Jiab and Samer or the actual opinions to which they will testify. (ECF No. 58,

PageID.2948). For example, Jiab states that he believes the charges were

reasonable and competitive, but did not disclose with whom he spoke to compare

8

rates, what pricing from other facilities he used, or what the actual testimony is that he will provide. (*Id.*).

A summary of the witness's opinions "means a brief account of the main opinions of the expert"; "the opinions must state a view or judgment regarding a matter that affects the outcome of the case. A mere statement of the topics of the opinions is insufficient." *Little Hocking Water Ass'n, Inc. v. E.I. DuPont de Nemours and Co.*, 2015 WL 1105840, at *9 (S.D. Ohio Mar. 11, 2015). A summary of the facts "means a brief account of facts—only those on which the expert actually relied in forming his or her opinions—that states the main points derived from a larger body of information; merely stating the topic matters of facts relied upon does not suffice." *Id.*

Both Jiab and Samer stated their opinions in simple terms: their companies' charges for Mason's treatment and care were reasonable. Defendant contends these statements are conclusory and improper because they do not state the actual opinions nor disclose the facts used as the basis for the opinions. (ECF No. 58, PageID.2949). Though the opinion statements are not detailed, Rule 26(a)(2)(C) requires only a statement of the view or judgment about a matter, not just the topic of the opinion. The reports state the view or judgment of the witnesses—the charges were reasonable. The disclosures for non-retained experts under Rule 26(a)(2)(C) are "considerably less extensive than the report required by Rule

9

26(a)(2)(B)."  Fed R. Civ. P. 26, Advisory Committee Notes.  These opinion

statements, while brief, are enough  to "give some insight into" the opinions Jiab

and Samer intends to provide.  *See Cahoo v. Fast Enterprises LLC*, 2021 WL

1037727, at *3 (E.D. Mich. Mar. 18, 2021).

　　As for a summary of the facts on which they relied, the Court finds the

reports sufficient, although not by a wide margin.  Their reports do not give a

detailed, in-depth summary of the facts, but "the opinions and supporting facts of

non-retained experts may be disclosed in other discovery responses."  *Id.* (citing

*Owens-Hart v. Howard Univ.*, 317 F.R.D. 1, 4 (D.D.C. 2016) (123 pages of

medical records provided in a supplemental disclosure helped satisfy Rule

26(a)(2)(C)'s disclosure requirements for treating physician's facts and opinions)).

Jiab and Samer stated that they relied on their experience in the community, and

attached to their reports are their resumes, explanations of benefits ("EOBs") for

other patients, and charges from other physicians (Jiab).  These documents provide

factual details related to their experience.  For instance, Jiab has been a practicing

orthopedic physician in southeastern Michigan since 2002.  (ECF No. 57-5,

PageID.2875).  Samer has been in the business of medical office management in

the area since 2004.  (ECF NO. 56-2, PageID.2570-71).  While they did not detail

their experience and their knowledge of pricing practices in the area, these

inadequacies can be challenged on cross-examination.  *See Daubert*, 509 U.S. at

596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").  Similarly, neither Jiab's nor Samer's reports discuss the other EOBs or bills from other physicians in support of their opinions.  At the same time, these bills provide factual details about charges for similar services.  These documents, combined with the written disclosures, satisfy Plaintiffs' burden to provide Defendant with a summary of facts to which Jiab and Samer are expected to testify.  *See Owens-Hart*, 317 F.R.D. at 4.

Defendant asserts that their reliance on other EOBs is misplaced because this Court has already ruled that evidence of its handling of other claims is irrelevant to the determination of whether the rates charged to Mason were reasonable.  The implication is that the Court ruled that information in other EOBs is irrelevant in this matter.  (ECF No. 56, PageID.2543, n. 4).  But in that Order, the Court's ruling was not so simple.  The specific issue was whether Plaintiffs were entitled to discovery of how Defendant calculates what a reasonable rate is generally and for Mason's care.  The Court did not compel production of the general information because *how Defendant calculated* a reasonable rate in other cases is not relevant to the rates at issue.  (ECF No. 54, PageID.2513-14).  Earlier in the Order, the Court made clear the kinds of information relevant to the reasonableness issue,

11

including charges by other healthcare providers for the same services that would be shown in EOBs.  (*Id.* at PageID.2504).

Lastly, Defendant argues Samer's and Jiab's opinions should be stricken because they are legal conclusions that the charges were reasonable.  (ECF No. 56, PageID.2546).  "Rule 702 prohibits expert witnesses from testifying to legal conclusions[,]" *United States v. Melcher*, 672 F. App'x 547, 552 (6th Cir. 2016), but their testimony may embrace the ultimate issue, *Berry v. City of Detroit*, 25 F.3d 1342, 1353 (6th Cir. 1994).  An element of the no-fault claim requires Plaintiffs to prove that their charges for Mason's care were reasonable.  *Moghis v. Citizens Ins. Co. of Am.*, 466 N.W.2d 290, 292 (Mich. Ct. App. 1990).

The term "reasonable" is part of the governing standard, thus the opinion that the charge was "reasonable" expresses a legal conclusion.  But this is not cause to strike the testimony altogether.  Testimony will be limited to opinions about whether the rate charged was excessive or in line with, for example, charges to other patients or from other facilities.

B.     Reliability

Defendant argues that even if the reports are not excluded on the grounds of insufficiency, the witnesses should be precluded from offering testimony on the reasonableness of the charges on the grounds of reliability.  (ECF No. 56, PageID.2550-51).  Defendant contends that the reports do not disclose what facts

12

were relied on or what methods were used to assess the charges at issue. The

purported factual inadequacies of the reports are addressed above when the Court

concluded the reports are sufficient under Rule 26(a)(2)(C). Jiab and Samer's

reports have factual support in the attached documents.

Aside from the above, Defendants argue that Jiab should be excluded as an

expert because he is not qualified to opine on billing issues. Jiab's resume

identifies no relevant qualifications. Defendant did not argue the same about

Samer. (ECF No. 56, PageID.2551). Plaintiffs did not address this argument.

This argument is well-taken. Jiab is a practicing orthopedic physician. While he

has experience charging his patients for his care, and may know about what other

orthopedic physicians charge their patients for similar care, this alone does not

establish that he is qualified to opine on what is a reasonable rate in the geographic

area for like services. His report and the attachments do not reflect any experience

in healthcare billing.

When evaluating the reliability of expert testimony based on a witness's

experience or training, the district court may forgo the *Daubert* factors and focus

on the reliability of the expert's personal knowledge or experience. *Thomas v. City

of Chattanooga*, 398 F.3d 426, 431-32 (6th Cir. 2005). In this situation, the expert

cannot ask a court simply to take his "word for it," but "'must explain how that

experience leads to the conclusion reached . . . and how that experience is reliably

13

applied to the facts.'" *Id.* at 432 (quoting Fed. R. Evid. 702 adv. comm. note); *Cahoo*, 2021 WL 1037727, at *6 (expert testimony based on experience is appropriate where the expert "explain[s] how th[eir] experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts.") (citation omitted).

Jiab's experience is limited to his work as a physician. Although his report need not contain the kind of detail a retained expert report does, Jiab's report does not provide Defendant or the Court a basis to conclude that Jiab's experience reliably leads to the conclusion he reaches. He may testify about the rate he charged, including why he charged that particular rate, as a fact witness, but he may not broach whether his rate is reasonable in the community.

In sum, the motion to exclude the experts is **GRANTED IN PART, DENIED IN PART**. Samer Suleiman's expert disclosure is sufficient and he may testify as an expert, but he may not state that Executive's charge for Mason's care was "reasonable." Jiab Suleiman may not testify as an expert because the facts do not suggest that he is qualified to do so here.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as

14

error any defect in this Order to which timely objection was not made.  Fed. R.

Civ. P. 72(a).  Any objections are required to specify the part of the Order to which

the party objects and state the basis of the objection.  When an objection is filed to

a magistrate judge's ruling on a non-dispositive motion, the ruling remains in

effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich.

Local Rule 72.2.


Date: August 23, 2022                         s/Curtis Ivy, Jr.
                                              Curtis Ivy, Jr.
                                              United States Magistrate Judge